# Exhibit A



David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

MAGNA SEATING OF AMERICA, INC
30020 CABOT DRIVE
NOVI, MI 48377



## KCOJ eFiling Cover Sheet

Case Number  19-CI-002836

Envelope Number  1632791

Package Retrieval Number  163279111834193@00000909221

Service by  Certified Mail

Service Fee  $ 0 00

Postage Fee  $ 12 70

The attached documents were generated via the Kentucky Court of Justice eFiling system  For more information on eFiling, go to http //courts ky gov/efiling

Generated  5/9/2019 9 20 26 AM

| | | |
|---|---|---|
| AOC-E-105     Sum Code CI<br>Rev 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice     *Courts ky gov*<br><br>CR 4 02, Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case # **19-CI-002836**<br>Court   **CIRCUIT**<br>County **JEFFERSON Circuit** |

*Plaintiff,* **TOOGOOD, LAKRISTA VS. MAGNA SEATING OF AMERICA, INC.**, *Defendant*

TO **MAGNA SEATING OF AMERICA, INC.**
   **30020 CABOT DRIVE**
   **NOVI, MI 48377**

Memo   Registered Agent of Service exists

The Commonwealth of Kentucky to Defendant

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons   **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date **5/9/2019**

---

## Proof of Service

This Summons was

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To _____

☐ Not Served because _____

Date _____, 20 _____       _____
                                                          Served By
                                            _____
                                                          Title

Summons ID 163279111834193@00000909221
CIRCUIT 19-CI-002836 Certified Mail
TOOGOOD, LAKRISTA VS MAGNA SEATING OF AMERICA, INC



Page 1 of 1

*eFiled*

Package 000002 of 000021         Presiding Judge HON ANN BAILEY SMITH (630350)         Package 000002 of 000021

**CIVIL ACTION NO. _____**          **JEFFERSON CIRCUIT COURT**

**DIVISION _____**

**JUDGE: _____**

**LAKRISTA TOOGOOD**                          **PLAINTIFF**
**517 W. CATHERINE STREET**
**LOUISVILLE, KY 40203**

**v.**

**COMPLAINT**

**(Electronically Filed)**

**MAGNA SEATING OF AMERICA, INC.**          **DEFENDANT**
**30020 CABOT DRIVE**
**NOVI, MI 48377**

**SERVE:      CORPORATION SERVICE COMPANY**
**                  421 WEST MAIN STREET**
**                  FRANKFORT, KY 40601**

## I.      INTRODUCTION

Comes the Plaintiff, LAKRISTA TOOGOOD (hereinafter "TOOGOOD" or "Plaintiff"),

and for Plaintiff's Complaint against the Defendant, MAGNA SEATING OF AMERICA, INC ,

hereinafter "MAGNA SEATING OF AMERICA, INC." or "Defendant") ("the Defendant") and

states as follows:

## II.      PARTIES, JURISDICTION AND VENUE

1      TOOGOOD is an individual residing in Jefferson County, Kentucky

2      Defendant MAGNA SEATING OF AMERICA, INC. is a corporation doing business in

JEFFERSON County, Kentucky.

3.      Venue is proper in JEFFERSON County, Kentucky, pursuant to Kentucky Revised

Statutes ("KRS"), Chapter 452 because the Defendants maintain regularly transacts business in

JEFFERSON County, Kentucky and the events giving rise to this cause of action arose in JEFFERSON County, Kentucky.

4.     A case and controversy exist between the parties to this action and the amount in controversy exceeds the jurisdictional minimum of this Circuit Court.

### III.   FACTS

5.     TOOGOOD is a former employee of Defendant.   She is a 26 year old resident of Louisville and a graduate of Fairdale High School

6.     TOOGOOD worked for the Defendant managing inventory for the operating room.  The Plaintiff worked for the Defendant from October 2018 to September of 2019

7     While Plaintiff was employed by the Defendant as an operator, the Plaintiff sought medical treatment for a variety medical conditions:  diabetes, focal point seizures, migraines and anemia   Plaintiff sought reasonable accommodations from the Defendant, including but not limited, requests for leave so Plaintiff would treat with his physician.

8     However, following Plaintiff's request for accommodations the Defendant discriminated against Plaintiff based Plaintiff's disability   The Defendant essentially took the position that it could terminate the Plaintiff, once her accrued medical leave expired   This alleged neutral policy, when applied to disabled persons, has a disparate impact.

9     Specifically, the Defendant became angered with the Plaintiff for requesting time off for surgery preparation and refused the time off because Plaintiff's leave had expired

10    The Plaintiff complained of the discrimination and bogus criticism, but the discrimination did not stop.   Thereafter the Defendant terminated the Plaintiff in retaliation for Plaintiff's complaints

## IV.   CLAIMS AND CAUSES OF ACTION

### A.   DISABIITY DISCRIMINATION

11.   TOOGOOD re-alleges all allegations contained in Paragraphs 1 through 10 above as if fully set forth herein.

12.   The Defendant's actions in discharging TOOGOOD constitute Disability discrimination, and unlawful discharge under the Kentucky Civil Rights Act, Chapter 344 *et seq* (hereinafter "KRS 344")

### B.   RETALIATION/AND UNLAWFUL DISCHARGE

13   TOOGOOD re-alleges all allegations contained in Paragraphs 1 through 12 above as if fully set forth herein

14   Defendant's actions, as set forth above, constitute retaliation and retaliatory discharge in violation of KRS 344.280 *et seq.*

### V.   PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that Plaintiff be awarded the following relief:

A.   Trial by jury,

B.   Judgment against the Defendant on all claims asserted herein;

C.   Compensatory damages including but not limited to past and future lost wages and past and future lost benefits,

D   Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E.   Punitive damages to punish and deter similar future unlawful conduct;

F.   An award of statutory attorney fees, costs and expenses, and

G.   Statutory interest on all damage awards, verdicts or judgments.

Package 000005 of 000021

Presiding Judge HON ANN BAILEY SMITH (630350)

Package  000005 of 000021

H.  All other relief to which it may appears Plaintiff is entitled.

Respectfully submitted,

/s/ Kurt A Scharfenberger

_____

Kurt A Scharfenberger
800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 561-0777
Kurt@scharfenberger-law com
*Attorney for the Plaintiff*
**LAKRISTA TOOGOOD**

Package 000006 of 000021

Presiding Judge HON ANN BAILEY SMITH (630350)

Package 000006 of 000021

**CIVIL ACTION NO. _____**

**JEFFERSON CIRCUIT COURT**

**DIVISION _____**

**JUDGE _____**

**LAKRISTA TOOGOOD**                                        **PLAINTIFF**

**v.**

**MAGNA SEATING OF AMERICA, INC.**                    **DEFENDANT**

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS <u>PROPOUNDED TO DEFENDANT</u>

**(Electronically Filed)**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Pursuant to Kentucky Rules 33 and 34 of the Kentucky Rules of Civil Procedure, the Plaintiff, through counsel, propounds this First Set of Interrogatories and Request for Production of Documents to the Defendant.  The Interrogatories are to be answered in writing, under oath, within forty-five (45) days of the date of service hereof.  Defendant is requested to produce for inspection and/or copying all documents responsive to the Request for Production to Kurt A. Scharfenberger, 800 Kentucky Home Life Building, 239 S. Fifth Street, Louisville, Kentucky 40202, within forty-five (45) days of service hereof.

These Interrogatories and Request for Production of Documents are deemed continuing in nature, requiring amended or supplemental answers in conformity with Rule 26.05 of the Kentucky Rules of Civil Procedure.  The instructions and definitions to be utilized in complying with these Interrogatories and Request are as follows:

## DEFINITIONS AND INSTRUCTIONS

1        "You" or "your" shall mean and refer to the Defendant to which these
Interrogatories and Request are directed, and its attorneys, investigators, agents, consultants,
experts, representatives or any other person acting on the Defendant's behalf or at its request.

2        If you make an objection to any portion of Plaintiff's Interrogatories and Request,
state the specific objection as it relates to each particular portion of the Interrogatory or Request
to which you are objecting.  For the purpose of avoiding confusion and to identify the specific
discovery disputes raised by your responses do not "string cite" boilerplate objections   (e g
oppressive, burdensome or harassing etc )

3        If you object to any time frame for which a specific Interrogatory or Request
seeks information, indicate the time frame for you which are providing a response.

4        If you make "General Objections" to all of Plaintiff's First Set of Interrogatories
and Request for Production of Documents provide your legal basis under the Kentucky Rules of
Civil Rules of Civil Procedure for such objections.

5        If a response to Plaintiff's Interrogatories or Request has both an objection and a
sworn answer (e g  "without waiving said objection…") please indicate your legal basis under
the Kentucky Rules of Civil Procedure for this type of "hybrid" objection/response.

6.        If in any of your responses to Plaintiff's Interrogatories or Request you intend to
claim that you are   "unaware" of what a certain term means, and or do not "know" what a
certain term means, and or claim a term is "unknown" to you; contact counsel for the Plaintiff,
by and through your counsel, prior to the date your responses are due and request clarification as
to the meaning of the term or terms causing your confusion.  If you make a timely request, the
Plaintiff will grant you additional time to respond to the Interrogatories and or Requests which

contain the confusing term(s)   This instruction is an attempt to resolve potential discovery disputes, without Court intervention, as required by the local Civil Rules

7.   The term "document" or "documents" shall be used in its broadest sense and shall mean:  originals, drafts, and all non-identical copies and reproductions of· records; papers; correspondence; written communications (including internal and external communications), reports, directives, computer print-outs or tapes, summaries, records, notes, or memoranda of telephone conversations, summaries, records, notes, motions reports, memoranda or minutes of personal conversations, interviews, conferences or meetings, executed agreements and all other forms of understanding; memoranda; instructions; projections; tabulations; notes, notebooks; diaries, telephone logs; calendars; travel and expense records; worksheets, receipts; vouchers; books of account (including ledgers, sub-ledgers, journals, sub-journals, vouchers, receipts, invoices and billings and all other financial records), bank records and statements, canceled checks and all vouchers or retained copies, and all debit memos or other written bank communication; manuals, books, pamphlets; brochures; circulars; telegrams, cablegrams, tape recordings, transcripts; newspaper or magazine clippings; all non-identical drafts of each document listed above, and other items on which information has been recorded or stored. Different versions of the same document with or without handwritten notation found in the original shall be considered different documents.

8   The term "communication" as used herein shall mean and include any transmission or exchange of information between two or more persons, whether orally or in writing, and including without limitation any conversation or discussion by means of letter, telephone, note, E-mail, text message, instant message, web E-mail, voice mail, post it note,

memorandum, telegraph, fax, telecopy, cable, pdf attachment, or any other electronic or other medium

9.      The term "person" as used herein includes individuals, firms, corporations, partnerships, joint ventures, associations, governmental entities, other entities, or groups of persons, and each division, department, and other unit thereof, unless the context clearly indicates reference only to a specific individual.

10      The terms "and" and "or" as used herein shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these Interrogatories and Request for Production of Documents any information which might be deemed outside their scope by any other construction.

11      The word "date" as used herein shall mean the exact day, month and year, if ascertainable, or if not ascertainable, the best approximation.

12      The terms "referred to," "relate to" or "relating to" a given subject matter means constitutes, contains, embodies, compromises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, or having as a subject matter, directly or indirectly, expressly or impliedly, the subject matter of the specific request

13.     Unless otherwise stated, these Interrogatories and Request for Production refer to the period of time from November 2011 to the present.

14      The term "Plaintiff" as used herein shall refer to the Plaintiff in this cause of action

15      The term "Defendant" as used herein shall refer to the Defendant in this cause of action

Package 000010 of 000021

Presiding Judge HON ANN BAILEY SMITH (630350)

Package 000010 of 000021

16.     As used herein, a request to "identify" a natural person shall be deemed a request for that person's name, current home address and telephone number, and the name, address and telephone number of that person's current employer or business, if known, and whether the individual is a present or former employee of the Defendant, his or her precise job or position, titles held, the dates of employment, and the reason for termination of employment if the individual is a former employee.

17     As used herein, a request to "identify" an entity, such as a corporation, partnership or association, means to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

18.     The term "identify" when used in reference to a document shall mean a statement of the date thereof, the author and, if different, the signer or signers, their addresses, its present or last-known location or custodian and all the means of identifying it   If any such document was, but is no longer, in your possession or subject to your control, state the present whereabouts of the document, if known.

19     With respect to each Interrogatory relating to oral communications, it is intended and requested that the answer to each such interrogatory set forth whether the oral communication was by telephone or face to face, and set forth further the names, addresses, telephone numbers, and business positions or occupations of the persons involved in said communications; the names, addresses and telephone numbers of any other person present during such communications; the date on which such communication took place; and the time and place of said communication.  For any oral communications withheld from identification as attorney-work product, or the subject of attorney-client privilege, describe such oral

communication by date, parties involve and a brief description of the contents of the communication

20.     In lieu of identifying particular documents or communications, such documents or communications may be organized, clearly labeled, and then attached to the Answer to those Interrogatories requesting identification of those documents or communications.

21.     "Describe in detail" shall mean to give a complete and full description concerning the matter about which inquiry is made, including the full name, address and telephone number of the persons involved, if appropriate, along with dates, times, places, amounts and other particulars which make the response to the Request fair and meaningful.

22.     Answers to these Interrogatories shall be responsive to the date on which the Answers to the Interrogatories are filed or served.  These Interrogatories are continuing in nature and the Defendant is required to provide such additional information as the Defendant, its attorney(s), or anyone acting on behalf of the Defendant or in concert with the Defendant may have or may obtain between the time the answers were served and the time of trial.

23      When an Interrogatory requires you to "state the basis of" or "describe in detail" the nature of a particular claim, belief, contention, or allegation, state in your answer the identity and nature of each and every communication, fact, authority, source, document, or event which was the basis, in whole or in part, of, or which you think supports, such claim, belief, contention or allegation, and identify each person with knowledge of any communication

24      Wherever appropriate in these Interrogatories and Request, the singular form of a word shall be interpreted as plural.

25.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

26.     The word "date" as used herein shall mean the exact day, month and year, if ascertainable, or if not ascertainable, the best approximation

27      If your response to any Interrogatory or to the Request for Production of Documents herein is other than an unqualified response, state for such Interrogatory or Request the following:

(a)     All facts that the Defendant contends supports in any manner its refusal to respond, or Defendant's qualified admission,

(b)     The identity of all documents that support in any manner Defendant's refusal to respond, or qualification of Defendant's response or admission; and

(c)     The name and address of all persons, including consultants, purported to have any knowledge of factual data upon which the Defendant bases its refusal to respond or Defendant's qualification of response or admission.

28      If any document is withheld under a claim of privilege, furnish a detailed privilege log which identifies each document for which the privilege is claimed, including the following information

(a)     The date of the document,

(b)     The sender(s),

(c)     The recipient(s),

(d)     The persons(s) to whom copies were furnished along with their job title(s) or position(s),

(e)     The subject matter of the document;

(f)     The basis on which the privilege is claimed; and

(g)     The paragraph of these Interrogatories and Request For Production Of Documents to which said document responds.

29.     In the event any document referred to in the Request for Production of Documents is not in Defendant's possession, custody or control, specify what disposition was made of it and identify the person who has possession, custody or control of the document

30.     In the event that any document referred to in the Request For Production of Documents has been destroyed, specify the date of such destruction, the manner of such destruction, the reason for such destruction, the person authorizing such destruction, and the custodian of the document at the time of its destruction

31.     When produced, the documents must be <u>organized</u> and <u>labeled</u> in accordance with the number of the request to which they are responsive

### INTERROGATORIES

**INTERROGATORY NO. 1:**

State the complete name, business and residence address and telephone number(s) of the person(s) answering these Interrogatories and all persons assisting in the preparation of the answers to these Interrogatories   For each person designated, please identify the Interrogatory(s) that person answered or provided assistance in answering.

**ANSWER:**


**INTERROGATORY NO. 2:**

Identify the date the Defendant hired the Plaintiff.

**ANSWER:**


**INTERROGATORY NO. 3:**

Identify the date the Defendant terminated the Plaintiff

**ANSWER:**

**INTERROGATORY NO. 4:**

Identify Plaintiff's compensation on an annualized basis.

**ANSWER:**


**INTERROGATORY NO. 5:**

Identify the benefits available to Plaintiff at the time of Plaintiff's termination

**ANSWER:**


**INTERROGATORY NO. 6:**

Identify the date the Defendant decided to terminate the Plaintiff's employment

**ANSWER:**


**INTERROGATORY NO. 7:**

Identify the individual that replaced the Plaintiff at the Defendant's facility.

**ANSWER:**


**INTERROGATORY NO. 8:**

Identify the cost of the benefits the Defendant provided to the Plaintiff on an annualized basis

**ANSWER:**


**INTERROGATORY NO. 9:**

Identify the reason(s) Defendant terminated the Plaintiff's employment

Package 000015 of 000021

Presiding Judge HON ANN BAILEY SMITH (630356)

Package   000015 of 000021

**ANSWER:**


**INTERROGATORY NO. 10:**

Identify the Plaintiff's direct supervisor.

**ANSWER:**


**INTERROGATORY NO. 11:**

Identify the General Manager for the facility where Plaintiff was employed


**ANSWER:**


**INTERROGATORY NO. 12:**

Identify five of Plaintiff's co-workers.


**ANSWER:**


**INTERROGATORY NO. 13:**

Identify the number of employees Defendant employs at Defendant's Kentucky facilities

**ANSWER:**


**INTERROGATORY NO. 14:**

Identify the Defendant's anti-discrimination and anti-harassment policies.

**ANSWER:**


**INTERROGATORY NO. 15:**

Package 000016 of 000021                    Presiding Judge HON ANN BAILEY SMITH (630250)                    Package **000016 of 000021**

10

Provide the factual basis for each affirmative defense asserted or that will be asserted in Defendant's Answer to Plaintiff's Complaint. If the Defendant is currently unaware of any factual basis for any particular affirmative defense, enumerate the specific affirmative defenses for which the Defendant presently has no factual basis to assert.

**ANSWER:**

**INTERROGATORY NO. 16:**

Identify the methodology by which the Defendant conducts employee "corrective action." Identify any policies that the Defendant has for conducting a "corrective action" with an employee.

**ANSWER**

**INTERROGATORY NO. 17**

Identify the communication company(s) that provides E-mail service for the Defendant in JEFFERSON County, Kentucky. If the Defendant provides its own E-mail service, state whether or not the Defendant deems itself a communications provider as defined by the Federal Stored Communication Act, 18 U.S.C. § 2701

**ANSWER:**

**INTERROGATORY NO. 18:**

Have any other incidents occurred in the same or similar manner as the incidents which are the subject of this litigation? If so, state the names of the persons involved in the incidents,

the dates of the incidents, last known address(s) of the individuals, provide their phone numbers and indicate whether litigation resulted therefrom, and if so, the name, place and docket number of any lawsuit.

**ANSWER:**

**INTERROGATORY NO 19.**

    Indicate whether or not the Defendant, is the entity which employed the Plaintiff. Indicate whether or not the Plaintiff has sued the proper entity; if you contend Plaintiff has not sued the proper entity, indicate the identity and title of the organization that should be sued.

**ANSWER:**

## STATEMENT OF DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

    Provide all documents or writings that are identified, described, relate to and/or were referred to by you in preparing your Answers to Plaintiff's First Set of Interrogatories accompanying this Request.

**REQUEST FOR PRODUCTION NO. 2:**

    Please produce a copy of every document which supports any defenses asserted or that will be asserted in your Answer to Plaintiff's Complaint. If the Defendant's list is incomplete, provide the documents currently known and supplement your responses at a later date

**REQUEST FOR PRODUCTION NO. 3:**

    Any and all documents relating to claims made by Plaintiff in this action or which otherwise relate to Plaintiff's employment and termination with the Defendant including, but not

limited to, diaries, notes, letters, E-mails, logs, recordings of any kind, photos, computer generated information, voice mail and/or all other documents

## REQUEST FOR PRODUCTION NO. 4:

Any and all documents including, but not limited to, diaries, notes, letters, logs, electronic mail, recordings and any transcripts thereof, photos, computer generated information and/or all other documents, relating to or reflecting upon Plaintiff's communications with any managers or employees of the Defendant, or any of its parent, sister, or subsidiary companies, regarding any alleged unlawful, including opposition to unlawful conduct, wrongful, or tortious conduct, including any underlying events, facts, or circumstances relating to the allegations Plaintiff makes in the Complaint

## REQUEST FOR PRODUCTION NO. 5:

All documents which you expect or plan to use in the trial of the above-styled action, either as independent evidence, for impeachment purposes, to refresh recollection or otherwise If the Defendant's list is incomplete, produce the documents currently known and supplement your response at a later date

## REQUEST FOR PRODUCTION NO. 6:

Any and all letters, statements, notes, recordings, electronic communications, documents, or other forms of communication between the Defendant and former employees of the Defendant concerning any of the underlying events, facts, or circumstances relating to Plaintiff's claims in this action.

## REQUEST FOR PRODUCTION NO. 7:

Any and all letters, notes, recordings, electronic communications, or documents containing statements or other communications from or with persons with knowledge of the allegations, events, and claims relating to the claims or defenses raised in this action.

**REQUEST FOR PRODUCTION NO. 8:**

Produce the entire employment files of Plaintiff   Make the appropriate redactions to each file as required by Federal, State and Local laws

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents relating to claims of discrimination and or harassment against the Defendant in the last five (5) years which occurred in Kentucky.

**REQUEST FOR PRODUCTION NO. 10:**

Produce for copying and inspection an identical "image" of Plaintiff's supervisor's hard drive of his or her office computer.

**REQUEST FOR PRODUCTION NO. 11:**

Produce for copying and inspection any and all of Defendant's:   employment handbooks, policy manuals and training manuals relating to its operations in Kentucky.

**REQUEST FOR PRODUCTION NO. 12:**

Produce for copying and inspection any and all of the Defendants:   policies governing or pertaining to discrimination, harassment or retaliation (of any sort) which are used in its operations in Kentucky

**REQUEST FOR PRODUCTION NO. 13:**

Produce for copying and inspection any insurance policy that does or might provide insurance coverage of any kind for any of the claims asserted by the Plaintiff in the Complaint

**REQUEST FOR PRODUCTION NO. 14:**

Provide all other exhibits, notes, memoranda, letters or other documents you will or may use in support of your Defenses in this lawsuit, whether as evidence, base data or to refresh your recollections or that of other actual or potential witnesses, which are not described in any of the

categories of documents listed above.  If your list is incomplete, produce the documents you are

currently aware of and supplement your response at a later date.

Respectfully submitted,

/s/ Kurt A. Scharfenberger

Kurt A  Scharfenberger, Esq
800 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky 40202
Kurt@Scharfenberger-law.com
Counsel for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's First Set of
Interrogatories and Request for Production of Documents Propounded to Defendant was served
via regular mail with the complaint upon the Defendant's agent for service.

/s/ Kurt A  Scharfenberger

COUNSEL FOR PLAINTIFF